Filed 1/28/19; Modified and Certified for Partial Pub. 2/21/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JUDE DARRIN,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>SANDRA J. MILLER,<br><br>      Defendant and Respondent. | A155089<br><br>(Lake County<br>Super. Ct. No. CV418475) |

Jude Darrin, age 81, petitioned for a restraining order under the Elder Abuse and Dependent Adult Civil Protection Act (Elder Abuse Act, Welf. & Inst. Code, § 15600 et seq.), alleging that her next-door neighbor, Sandra Miller, subjected her to ongoing abuse and harassment.[1]  The trial court dismissed the petition, concluding that because the two women were simply neighbors, there was no special relationship between them to give Darrin standing under the Elder Abuse Act.  We shall reverse.  The plain language of the Elder Abuse Act authorizes a trial court to issue a restraining order against any individual who has engaged in abusive conduct, as defined by statute, toward a person age 65 or older regardless of the relationship between the alleged abuser and victim.  (§§ 15610.07, subd. (a)(1); 15657.03.)

---

[1] Statutory references are to the Welfare and Institutions Code unless otherwise stated.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Darrin filed a Request for Elder or Dependent Adult Abuse Restraining Orders on Judicial Council form EA-100, alleging that Miller and Miller's boyfriend harassed and intimidated her by taunting her, threatening her, twice removing a wire boundary fence between the properties, and trespassing onto her property where they destroyed a hedge and defaced and damaged a barrier fence. Darrin claimed they made harassing and threatening demands to her, her spouse, and her grandson; they let their dogs menace her unchecked; and the boyfriend ordered the dogs to "kill" her. Because of the ongoing harassment and the partial destruction of the barrier fence that Darrin had erected to protect herself, Darrin suffered from fear and anxiety.

Darrin asked the trial court to impose the standard "Personal Conduct Orders" pre-printed on the Judicial Council form that would, among other things, keep Miller from contacting her, destroying her property, harassing her, or disturbing her peace. She also sought orders requiring Miller to stay at least 5 yards away from her, and prohibiting Miller from further vandalizing or stealing her or her spouse's property. The trial court issued a temporary restraining order under the Elder Abuse Act and scheduled a hearing on the petition.

The hearing began with an opening statement, in which Darrin's counsel outlined her case: Miller engaged in "vicious behavior" toward the 81-year-old Darrin, including calling her names; Miller had her boyfriend destroy Darrin's property, including a fence that Darrin had erected to protect herself from Miller, the boyfriend, and the goings-on at Miller's property.

Miller then moved for nonsuit under Code of Civil Procedure section 581c, arguing that Darrin had no standing to seek an order against her under the Elder Abuse Act because Miller had no care or custody arrangement with Darrin, and no control over Darrin's real or personal property. Darrin responded that the Elder Abuse Act applies even in the absence of any relationship between abuser and victim. The trial court agreed with Miller, granted her motion, vacated the temporary restraining order, and dismissed the petition on the merits. Darrin timely appealed.

**DISCUSSION**

A.      *Legal Principles*

     1.    *Elder Abuse Act Protective Orders*

Under the Elder Abuse Act, an "elder" is "any person residing in this state, 65 years of age or older." (§ 15610.27.) As relevant here, elder abuse includes "[p]hysical abuse, neglect, abandonment, isolation, abduction, or other treatment [of an elder] with resulting physical harm or pain or mental suffering." (§ 15610.07, subd. (a)(1).[2]) "Mental suffering" is defined as "fear, agitation, confusion, severe depression, or other forms of serious emotional distress that is brought about by forms of intimidating behavior, threats, harassment, or by deceptive acts performed or false or misleading statements made with malicious intent to agitate, confuse, frighten, or cause severe depression or serious emotional distress of the elder or dependent adult." (§ 15610.53.)

An elder who has suffered abuse may petition the superior court for an order "enjoining a party from abusing, intimidating, . . . threatening, . . . harassing, . . . or disturbing the peace of, the petitioner." (§ 15657.03, subds. (a)(1), (b)(4)(A).) The petitioner has the burden to prove a past act of elder abuse by preponderance of the evidence. (*Bookout v. Nielsen* (2007) 155 Cal.App.4th 1131, 1139-1140 (*Bookout*).)

     2.    *Nonsuit Motions*

"In ruling on a motion for nonsuit following plaintiff's opening statement in a nonjury trial, 'the trial court is required to "assume that all relevant evidence" offered by the plaintiff is true, "and all reasonable inferences or doubts [are] to be resolved in [the] plaintiff's favor. [Citation.]" . . . ' (*Lingenfelter v. County of Fresno* (2007) 154 Cal.App.4th 198, 204.)" (*Cooper v. State Farm Mutual Automobile Ins. Co.* (2009) 177 Cal.App.4th 876, 891.) " ' "The standard of review for a nonsuit after [the] conclusion of

---

[2] Section 15610.07, subdivision (a), states, " 'Abuse of an elder or a dependent adult' means any of the following: [¶] (1) Physical abuse, neglect, abandonment, isolation, abduction, or other treatment with resulting physical harm or pain or mental suffering. [¶] (2) The deprivation by a care custodian of goods or services that are necessary to avoid physical harm or mental suffering. [¶] (3) Financial abuse, as defined in Section 15610.30."

the opening statement is well settled. Both the trial court in its initial decision and the appellate court on review of that decision must accept all facts asserted in the opening statement as true and must indulge every legitimate inference which may be drawn from those facts. [Citations.] A nonsuit at this early stage of the proceedings is disfavored. [Citation.] It can only be upheld on appeal if, after accepting all the asserted facts as true and indulging every legitimate inference in favor of the plaintiff, it can be said those facts and inferences lead inexorably to the conclusion plaintiff cannot establish an essential element of its cause of action . . . . [Citations.]" [Citation.]' ([*Galanek v. Wismar* (1999) 68 Cal.App.4th 1417,] 1424.)" (*Cooper* at pp. 891-892.) In our review, we consider only the grounds for nonsuit that the moving party raised in the trial court. (*Marvin v. Adams* (1990) 224 Cal.App.3d 956, 960 (*Marvin*).)

B. *Analysis*

The Elder Abuse Act defines "abuse" broadly, including not only physical abuse, neglect, abandonment, isolation or abduction of a person age 65 or older, but also "other treatment," if that treatment results in "physical harm or pain or mental suffering" to the elder. (§ 15610.07, subd. (a)(1).) In her opening statement, Darrin claimed she would prove that Miller directed "vicious behavior" toward her and destroyed her personal property, including a fence that Darrin had built to protect herself. From those statements, we can infer that Darrin may be able to prove that Miller subjected her to "treatment" that caused her to experience the "serious emotional distress that is brought about by . . . intimidating behavior [or] harassment" that constitutes "[m]ental suffering" under section 15610.53. (§ 15610.07, subd. (a)(1).) Accordingly, the question before us is a narrow one of statutory interpretation: Can this "other treatment" constitute abuse under section 15610.07, subdivision (a)(1) in the absence of a special relationship between the abuser and the victim, such as a caretaking or custodial relationship? As she did below, Darrin relies on the plain language of the Elder Abuse Act and on cases interpreting it to argue that the answer is yes. We agree with her.

"In interpreting a statute, we begin with its text, as statutory language typically is the best and most reliable indicator of the Legislature's intended purpose. [Citations.]

4

We consider the ordinary meaning of the language in question as well as the text of related provisions, terms used in other parts of the statute, and the structure of the statutory scheme." (*Larkin v. Workers' Comp. Appeals Bd.* (2015) 62 Cal.4th 152, 157-158.) Our role "is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all." (Code Civ. Proc., § 1858.)

The trial court was clearly incorrect in its interpretation of the Elder Abuse Act. Nothing in the text of section 15610.07, subdivision (a)(1), or elsewhere in the Elder Abuse Act requires a special relationship between abuser and victim where the alleged abuse is "other treatment." In this respect, "other treatment" is similar to "[p]hysical abuse," which is defined in section 15610.63 without reference to relationships between the elder and alleged abuser. By contrast, other types of abuse in section 15610.07, subdivision (a)(1), require a relationship. Thus "[a]bandonment" is "the desertion or willful forsaking of an elder . . . *by anyone having care or custody of that person* under circumstances in which a reasonable person would continue to provide care and custody" (§ 15610.05, italics added), and "[n]eglect" is "[t]he negligent failure of *any person having the care or custody of an elder* or a dependent adult to exercise that degree of care that a reasonable person in a like position would exercise." (§ 15610.57, subd. (a)(1), italics added.) When the Legislature intended special relationships be required for claims of elder abuse, it specified what those relationships were.[3] It did not do that for the provision at issue here.

Darrin cites three cases that are consistent with our understanding of the Elder Abuse Act, though they do not address the precise issue before us. They are: *Gordon B. v. Gomez* (2018) 22 Cal.App.5th, 92, 94-95, where an elder abuse restraining order was issued against a neighbor who allegedly harassed a 75-year-old; *Bookout, supra,* 155

---

[3] And we see this elsewhere in section 15610.07: under subdivision (a)(2), an alternate definition of abuse is "The deprivation *by a care custodian* of goods or services that are necessary to avoid physical harm or mental suffering." (Italics added.)

Cal.App.4th at pages 1134-1137, where an elder abuse restraining order was issued to protect a 78-year-old from a 70-year-old, and where the two had lived together for a few months but had no caretaking relationship; and *Gdowski v. Gdowski* (2009) 175 Cal.App.4th 128, 131, where an elder abuse restraining order was issued against the 83-year-old petitioner's daughter and there was no indication that the daughter lived with or had any caretaking responsibility for the father.

In her respondent's brief, Miller jettisons the argument she made in the trial court. Now she asserts that the trial court correctly dismissed the case because Darrin's allegations and her counsel's opening statement were "non-specific." We give this assertion no credit. First, it appears in the "Conclusion" of her appellate brief, unsupported by argument or legal authority or even any heading summarizing the point, all required by the Rules of Court. (Cal. Rules of Court, rule 8.204(a)(1)(B).) Second, it mischaracterizes the record. (Cal. Rules of Court, rule 8.204(a)(C).) Miller's argument before the trial court was that Darrin had no standing under the Elder Abuse Act because there was no special relationship between Darrin and Miller, and that was the basis of the court's ruling.[4] On appeal, Miller cannot raise an argument for nonsuit that she did not raise in the trial court.[5] (*Marvin*, *supra*, 224 Cal.App.3d at p. 960.)

---

[4] In her argument at the trial court, Miller's counsel stated that Darrin failed "to identify facts and circumstances sufficient to support the issuance of a request for an elder abuse restraining order." Context makes clear that counsel's statement referred solely to Darrin's failure to identify a special relationship between Darrin and Miller.

[5] Because we do not address Miller's new claim, we need not reach Darrin's reply argument that that Code of Civil Procedure section 581c does not authorize the trial court to grant a motion for nonsuit in a hearing on an Elder Abuse Act protective order. Darrin concedes that if the Elder Abuse Act required a special relationship between abuser and victim, the trial court could deny a petition immediately upon an admission that no such relationship existed. But she argues that it would have been improper for the court to dismiss the petition for lack of specific evidence before allowing Darrin to actually present her evidence, because she had already provided the trial court "reasonable proof" of past abuse, as reflected by the trial court's issuance of a temporary restraining order. (§ 15657.03, subds. (c) & (e).) Regardless of how Miller styled her motion and the trial court styled its order, we have before us a judgment that dismissed an action as a matter of law for lack of standing, and we review it as such.

We also do not address Miller's suggestion that this appeal is mooted by a civil harassment action that Darrin subsequently filed against Miller.  This assertion, mentioned in a sentence in the "Statement of the Case" in Miller's brief on appeal, does not rise to the level of appellate argument.[6]  (Cal. Rules of Court, rule 8.204(a)(1)(B).)

In sum, we conclude that under section 15610.07, subdivision (a)(1), "treatment" that is neither physical abuse, neglect, abandonment, isolation nor abduction, can constitute elder abuse if the treatment results in "physical harm or pain or mental suffering" even if the alleged abuser has no responsibility to care for the elder and no control of the elder's property.  Accordingly, the trial court erred in dismissing Darrin's petition on the basis of Miller's claim that Darrin lacked standing: the court should have given Darrin the opportunity to present her evidence.  We express no opinion on the merits of Darrin's claims.

## DISPOSITION

The judgment of the trial court is vacated.  The matter is remanded to the trial court for further proceedings consistent with this opinion.  Appellant shall recover her costs on appeal.

---

[6] Miller requests we take judicial notice of two documents Darrin filed in the trial court in her civil harassment case against Miller, and a reporter's transcript of an oral ruling in that case.  The materials are irrelevant to the matter before us, and therefore we deny the request.

_____
Miller, J.

We concur:


_____
Kline, P.J.


_____
Stewart, J.


A155089, *Darrin v. Miller*


8

Filed 2/21/19

**CERTIFIED FOR PARTIAL PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| JUDE DARRIN,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>SANDRA J. MILLER,<br><br>      Defendant and Respondent. | A155089<br>(Lake County<br>Super. Ct. No. CV418475)<br>ORDER MODIFYING OPINION<br>AND CERTIFYING OPINION FOR<br>PARTIAL PUBLICATION |

BY THE COURT:

It is ordered that the opinion filed herein on January 28, 2019, be modified as follows:  On page 6, the text of Footnote 5 is replaced with, "Because we do not address Miller's new claim, we need not reach Darrin's reply argument that Code of Civil Procedure section 581c does not authorize the trial court to grant a motion for nonsuit in a hearing on an Elder Abuse Act protective order.  Regardless of how Miller styled her motion and the trial court styled its order, we have before us a judgment that dismissed an action as a matter of law for lack of standing, and we review it as such."

The modification does not change the judgment.

The opinion filed herein on January 28, 2019, was not certified for publication in the Official Reports.  For good cause and pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, it now appears that the opinion, as modified, should be published in the Official Reports, with the exception of section A.2 of the "Discussion," and it is so ordered.

Dated:_____          _____ P.J.

1

Trial Court:  Lake County Superior Court

Trial Judge:  Hon. Robert L. Crone

Schinner & Shain, LLP, Reed E. Harvey, Agustin R. Piña; Anna Gregorian, for Plaintiff and Appellant

Ewing & Associates, Andre M. Ross, for Defendant and Respondent

A155089, *Darrin v. Miller*