Filed 3/24/22  Campbell v. Landais CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| MONTY CAMPBELL, | |
| Plaintiff and Appellant, | E076537 |
| v. | (Super.Ct.No. EAPPS1900168) |
| ADAM LANDAIS, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  Tara Reilly, Judge.  Affirmed.

Monty Campbell, in pro. per., for Plaintiff and Appellant.

Adam L. Landais, in pro. per., for Defendant and Respondent.

Plaintiff and appellant Monty Campbell and defendant and respondent Adam L. Landais are embroiled in a dispute involving property lines, common walls and trespassing.  Campbell filed a "Request for Elder or Dependent Adult Abuse Restraining

Order[]" (the Request) under Welfare and Institutions Code[1] section 15657.03 of the Elder Abuse and Dependent Adult Civil Protection Act (§ 15600 et seq.; Elder Abuse Act) against Landais.[2] The trial court tentatively ruled that the Request was not to be granted as there was not a sufficient showing this was an elder abuse case. A four-day trial was held and the trial court denied the Request on September 3, 2020.[3]

Campbell makes 15 claims on appeal as follows: (1) subject court ruling on October 16, 2019, presumption of being valid fails when it refused him, an elder, the right to provide evidence and testimony; (2) the court ruling on September 3, 2020, presumption of being correct fails based on several rulings at trial including not allowing him to object to exhibits proffered by Landais and allowing Landais to admit testimony about a property line dispute; (3) he is entitled to a refund of his filing fees pursuant to section 15657.03, subdivision (r); (4) Landais is responsible for damages for harm to him and his property; (5) Landais is liable for malicious, repeated, wrongful, intentional demolition and disposal, without permission and without required permits, of his backyard walls and he is entitled to compensation; (6) Landais is responsible for his lost rent, travel expenses, and break-in damages to a vacation rental; (7) Landais created an

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2] The Request has not been included in the record on appeal so it is unclear what was alleged by Campbell.

[3] The oral record of the four-day trial on the Request is not part of the record on appeal.

open trench in Campbell's backyard and Landais should pay his damages for being subjected to such hazard for three years; (8) Landais maliciously demolished required support for Campbell's home and backyard; (9) a defectively constructed pool safety wall on Landais's property is the wrong design, in the wrong place, without drainage to the street, and without required water easement and access for Campbell; (10) Landais should pay damages for demolishing the back walls, which allowed for Campbell's dog to get out and to be potentially run over and for being exposed to an open trench in Landais's front yard; (11) Landais should pay him emotional damages for demolishing a hole in his front yard retaining wall, in order to create his lethal boobytrap which was intended to cause great bodily harm to him; (12) Landais's concrete encroachment during wrongful temporary restraining order demonstrates Landais is abusing him; (13) this court should hold the owner of the construction company accountable for Landais's abuse upon him and destruction of his property; (14) Landais's counsel should be responsible in damages for his fraud upon the court and deliberately ignoring and not disclosing controlling case law; and (15) Landais's wife should also be liable in damages for abuse of him, an elder.

Campbell has failed to provide an adequate record on appeal for this court to determine if the trial court properly denied the Request. Further, for the first time in this appeal, Campbell raises numerous issues not raised in the trial court. Campbell is not entitled to relief.

## FACTUAL AND PROCEDURAL HISTORY

According to the register of actions, Campbell filed the Request on October 15, 2019. On October 16, 2019, an ex parte hearing was conducted with both Campbell and Landais present. The trial court, according to the register of actions, found that the Request was not properly granted as "this matter is not an Elder Abuse Restraining Order" and "[ordered] Petitioner to file any additional information other than what has already been filed, indicating why this matter should be considered an Elder Abuse Restraining Order."

On October 31, 2019, Landais filed a "Response to Request for Elder or Dependent Adult Abuse Restraining Order" (the Response). Landais disagreed with the Request. Landais insisted he did not do the actions that Campbell accused him of in the Request. Moreover, even if he had done the things alleged in the Request, his actions were justified or excused because the wall that separated the property of Campbell and Landais was actually encroaching on his property. Landais stated the reason he did not agree with the Request was because "he has not physically or financially abused Monty Campbell, nor has he intimidated, molested, attacked, struck, stalked, threatened, assaulted, hit, harassed, destroyed the personal property of, or disturbed the peace of Monty Campbell. Campbell believed he owns a title right to [Lanais]'s property and is basing his belief on a County of San Bernardino plot line map. Campbell has failed to produce documents sufficient to justify such demands or to re-establish the boundary wall/common wall that has existed undisputed between the two properties since it was put in by the builder in 1977, acquired by Campbell when he purchased his home 6745

4

Mesada St. in 1991 and acquired by Landais in 2003 when he purchased his home 6755 Mesada St. Campbell's continued trespass onto my property has left me no alternative than to seek law enforcement intervention to threaten Campbell with arrest if he continues to trespass onto my property 6755 Mesada St., Rancho Cucamonga." Landais also requested that attorney's fees and costs be denied to Campbell.

Landais provided a declaration. The only relationship between him and Campbell was as neighbors. Landais had never taken care of Campbell. All of Campbell's accusations in the Request were false. Campbell repeatedly harassed Landais by filing requests for elder abuse restraining orders. Further, Campbell repeatedly trespassed on Landais's property. Landais provided photographs of the property line and Campbell trespassing on his property.[4] Landais also provided a police report in which it was reported by Campbell that Landais had planted a booby trap on his property, which was unfounded. Campbell kicked a wall in the presence of the responding officers.

Landais also provided case reports and minute orders from prior denials of requests by Campbell for elder abuse restraining orders. On November 9, 2018, in case No. EAPPS1800160, an ex parte hearing on an elder abuse restraining order filed by Campbell was held. The request for the restraining order was denied. Another request was apparently filed on January 22, 2019, in case No. EAPPS1900009, which was denied. According to the minute order, Campbell was advised "matter is not an elder abuse action but rather a dispute between neighbors and possibly small claims/limited

_____

[4] The photographs are too dark to provide a meaningful view of the property or Campbell's alleged trespass.

5

civil action." (All caps. omitted.) On February 15, 2019, in case No. EAPPS1900010, another request was made by Campbell and was denied. The trial court found that disputes between parties are considered a civil matter and not proper for an elder abuse restraining order. The matter was dismissed.

On November 6, 2019, according to the register of actions, the trial court tentatively denied the Request. Campbell requested a trial. Trial commenced on August 10, 2020, and was held on several days during a three-week period. The last day of trial was September 3, 2020.

A minute order from September 3, 2020 is included in the record. Landais was represented by counsel and Campbell appeared pro per. According to the minute order, it was the fourth day of a court trial. Exhibits for both parties were admitted. Both parties argued. The trial court denied the Request. No reasons appear in the record.

On February 8, 2021, Campbell filed his notice of appeal from the "Judgment after court Trial" entered on September 3, 2020. In his notice designating the record on appeal, Campbell checked the box marked "I choose to proceed . . . [¶] . . . WITHOUT a record of the oral proceedings . . . in the superior court." For the clerk's transcript, he designated "(1) Notice of appeal"; "(2) Notice designating record on appeal . . ."; "(3) Judgment or order appealed from"; "(4) Notice of entry of judgment (*if any*)"; "(5) Notice of intention to move for new trial or motion to vacate the judgment, for judgment notwithstanding the verdict, or for reconsideration of an appealed order (*if any*)"; "(6) Ruling on one or more of the items listed in (5)"; and "(7) Register of actions or docket (*if any*)." He sought also to have his exhibits included. Landais requested additional

6

documents including his Response, and the attached exhibits A through E to the Response. He also sought exhibits he admitted at trial, which were photographs of Campbell trespassing on his property.

Included in the clerk's transcript are exhibits which were apparently submitted at trial. These include text messages between Landais and Campbell. Landais informed Campbell that while a contractor was digging on his property, the common wall between their property collapsed. Landais offered to replace the wall at no charge to Campbell. However, Campbell had to sign a document allowing the contractor to fix the wall. Landais also noted that a tree on Campbell's property had grown into the wall and may fall during the fixing of the wall. Landais offered to pay for its removal. Campbell asked for photographs and Landais sent them. Campbell did not respond. Several days later, Landais texted Campbell asking him to meet him outside so they could discuss fixing the wall but there is nothing indicating that Campbell did so.

Landais sent a letter to Campbell on June 11, 2018, memorializing what had happened to the wall and again agreeing to fix the wall with no cost to Campbell. Landais requested that Campbell sign the necessary forms so that the wall could be fixed. Campbell responded on November 8, 2018. Campbell insisted that Landais pay for a contractor of Campbell's choice to replace two walls on Campbell's property, replace the soil, and pay for all "engineering and permit costs and fees." Also included in the clerk's transcript was a letter that Campbell sent to the San Bernardino County Sheriff's Department accusing Landais of grand larceny and trespass. He also accused Landais of

placing a booby trap on his property that could cause great bodily harm.  The remainder of the clerk's transcript consists of the register of actions.

The clerk of the superior court, in response to the request for records, noted that many of the exhibits requested to be included in the record had not been admitted or lodged with the trial court.

## DISCUSSION

The record before this court establishes that Campbell filed the Request pursuant to section 15657.03.  The only proper issues to be reviewed on appeal is whether the trial court erred by denying the Request.[5]

Under the Elder Abuse Act an "elder" is "any person residing in this state, 65 years of age or older."  (§ 15610.27.)  Elder abuse includes "[p]hysical abuse, neglect, abandonment, isolation, abduction, or other treatment [of an elder] with resulting physical harm or pain or mental suffering."  (§ 15610.07, subd. (a)(1).)  " 'Mental suffering' is defined as 'fear, agitation, confusion, severe depression, or other forms of serious emotional distress that is brought about by forms of intimidating behavior, threats, harassment, or by deceptive acts performed or false or misleading statements made with malicious intent to agitate, confuse, frighten, or cause severe depression or serious

---

[5]  Landais claims that the appeal was filed late because the "Judgment/Dismissal" was filed on September 3, 2020, and the notice of appeal was not filed until February 8, 2021.  Landais contends Campbell only had 60 days to file his notice of appeal.  Landais has not proved to this court that a notice of entry of judgment was ever filed.  As such, Campbell had 180 days to file his appeal pursuant to California Rules of Court Rule 8.104(a)(1)(C).

8

emotional distress of the elder or dependent adult.' " (*Darrin v. Miller* (2019) 32 Cal.App.5th 450, 453-454.)

An elder can seek a restraining order against the person who is causing the abuse. Under section 15657.03, "An order may be issued under this section, with or without notice, to restrain any person for the purpose of preventing a recurrence of abuse, if a declaration shows, to the satisfaction of the court, reasonable proof of a past act or acts of abuse of the petitioning elder or dependent adult.' [Citation.] [A] party seeking a further relief at an Elder Abuse Act hearing on a restraining order petition must establish past abuse by a preponderance of the evidence." (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 524, italics omitted.) "We review the issuance of a protective order under the Elder Abuse Act for abuse of discretion, and we review the factual findings necessary to support the protective order for substantial evidence." (*Gdowski v. Gdowski* (2009) 175 Cal.App.4th 128, 135.)

Campbell raises numerous issues in this appeal but only one of his claims directly addresses the September 3, 2020, order denying the Request. We can only review on appeal those matters that were before the trial court. (*Newton v. Clemons* (2003) 110 Cal.App.4th 1, 11 [" '[W]e ignore arguments, authority, and facts not presented and litigated in the trial court. Generally, issues raised for the first time on appeal which were not litigated in the trial court are waived,' " fn. omitted].) Based on the record provided to this court, the only issue litigated below was the grant or denial of the Request, which only required a determination if there were past acts of abuse that warranted issuance of a restraining order. As such, Campbell's claims on appeal, including that Landais is

9

responsible for damages to Campbell's property; the construction company and Landais's wife are responsible for damages caused to Campbell's property; Campbell must be paid his travel expenses; Landais's pool safety wall was inadequate; and counsel for Landais should be held responsible for damages for committing fraud on the court, cannot be raised on appeal as the record does not support that these claims were raised in the trial court.[6]

Campbell also contends that he was denied due process by the trial court concluding on October 16, 2019, that the Request was not an elder abuse case. Campbell insists he should have been allowed to introduce elder abuse evidence. However, according to the register of actions, the trial court gave Campbell the opportunity to provide additional evidence. Further, a four-day trial occurred on the Request. Such claim is not supported by the record.

Campbell claims as to the denial of the Request on September 3, 2020, that the trial court erred by not allowing him to timely object to Landais's exhibits and by allowing Landais to present his "property line dispute claim." He insists his due process rights were violated. He further claims that counsel for Landais committed fraud by presentation of known false evidence and testimony about property lines. He insists the trial court ignored his elder abuse cause of action by only considering the property line dispute claim raised by Landais. The trial court ignored his testimony and improperly relied on evidence presented by Landais. Campbell relies primarily on the Response.

---

**6** We will briefly address his claim, *post*, that he is entitled to a refund of his filing fees.

A "fundamental principle of appellate procedure [is] that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citation.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented.' " [Citation.] " 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' " [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609; see also *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574. ["[A] party challenging a judgment has the burden of showing reversible error by an adequate record"].)

" 'It is elementary and fundamental that on a clerk's transcript appeal the appellate court must conclusively presume that the evidence is ample to sustain the findings, and that the only questions presented are as to the sufficiency of the pleadings and whether the findings support the judgment.' " (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.)

Initially, this court has no way of knowing what evidence Campbell sought to admit that he claims was excluded by the trial court. This court also cannot determine what Campbell alleged in the Request. Without a copy of the Request, it is impossible to determine what claims of elder abuse were alleged by Campbell and if the claims were supported by the preponderance of the evidence. Moreover, the record is void of any documentation of how the trial court ruled on the admission of his testimony or the exhibits because Campbell did not include the reporter's transcript of the four-day trial.

Campbell chose to proceed on appeal without the oral record of the proceedings below. It is impossible for this court to determine whether any of the evidence or claims raised in Campbell's briefs were before the trial court when it made its decision on the Request. Since there is no oral record of the proceedings, we must presume on the record before this court that Campbell was afforded due process at the hearing. We understand that defendant is representing himself, but "[p]ro. per. litigants are held to the same standards as attorneys." (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)

We do note that Campbell raises an issue that he should not have to pay the filing fees for the Request. Campbell relies exclusively on section 15657.03, subdivision (r). That provision provides, "There shall not be a filing fee for a petition, response, or paper seeking the reissuance, modification, or enforcement of a protective order filed in a proceeding brought pursuant to this section." Campbell does not appear to have been seeking a "reissuance, modification or enforcement" of an existing protective order. In fact, the record shows that his prior requests were denied. Accordingly, he was not entitled to have his filing fees waived under this authority.

12

Campbell appears to raise additional arguments in his reply brief—not raised in the opening brief—including that he is entitled to additional damages. "[W]e need not [and do not] consider new issues raised for the first time in a reply brief in the absence of good cause." (*Sierra Club v. City of Orange* (2008) 163 Cal.App.4th 523, 548.) Campbell provides no good cause why he raised these issues for the first time in the reply brief and we will not consider them.

Based on the record in this case, Campbell filed the Request and was afforded a four-day trial. The trial court denied his request after trial. We must presume that such determination by the trial court is correct. (*Jameson v. Desta*, *supra*, 5 Cal.5th at pp. 608-609.)

Finally, Landais has requested that his attorney's fees and costs be awarded for defense of the Request. "The prevailing party in an action brought under this section may be awarded court costs and attorney's fees, if any." (§ 15657.03, subd. (t).)[7] Landais did not file a motion to recover attorney's fees in the trial court. Moreover, it does not appear from the record that the trial court awarded costs to Landais after denial of the Request. Landais, in order to obtain attorney's fees incurred in defending the Request, was required to make a request or file a motion in the trial court as the fees were discretionary as the statute provides that attorney fees "may" be awarded. (*Tucker v. Pacific Bell Mobile Services* (2010) 186 Cal.App.4th 1548, 1561 ["The use of the word

---

[7] Landais is representing himself, and therefore, has not incurred any attorney fees on appeal.

13

'may' denotes a discretionary choice"].)  We cannot award such attorney's fees requested for the first time on appeal.  We will award Landais his costs on appeal.

## DISPOSITION

The judgment is affirmed.  Landais as the prevailing party is awarded his costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

McKINSTER _____

Acting P. J.

FIELDS _____

J.

14