Filed 5/18/23  Stouffer v. Jones CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| LAURENCE EUGENE STOUFFER, | D078980 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2021-00010103-CU-PT-CTL) |
| TAMIKA JONES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Anthony J. Campagna, Judge.  Affirmed.

Tamika Jones, in pro. per., for Defendant and Appellant.

Laurence Eugene Stouffer, in pro. per., for Plaintiff and Respondent.

Tamika Jones appeals from an elder abuse restraining order (Order) prohibiting her from contacting Laurence Eugene Stouffer.  In a one-paragraph argument lacking citations to the record, Jones contends the Order is not supported by substantial evidence.  Self-represented on appeal, she also complains that her trial attorney ignored her request to disqualify the judge, who she claims had a "personal relationship" with Stouffer.

We affirm the Order. It is supported by substantial evidence, and any disagreements between Jones and her trial lawyer are not grounds for reversal.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Stouffer, who is about 76-years-old, met Jones (25 years his junior) at a grocery store, and in late 2020 they lived together in his home. In March 2021, Stouffer filed a request for an elder abuse restraining order against Jones. His accompanying declaration stated that Jones "has become abusive" and was "intimidating" him to "leave [his] own home." He maintained that despite his repeated requests that she leave, Jones had taken a house key without permission, and the stress was affecting his health. Stouffer stated the situation was "horrible" and he was "concerned" for his safety. Stouffer's adult son also submitted a declaration. He observed Jones yell at his father in a "mean and aggressive" manner. He believed she was attempting to "oust" his father from his own home.

As is not uncommon in these cases, Jones's version was very different. She maintained that Stouffer wanted her to stay as long as she wanted. Jones claimed that *she* was the victim of *Stouffer's* abuse, which began when she rebuffed his crude and offensive sexual advances.

---

[1] Both parties are self-represented on appeal and neither of their briefs contain a statement of facts supported by citations to the record as required. (Cal. Rules of Court, rule 8.204(a)(1)(C), (a)(2)(C).) Accordingly, the factual and procedural background is drawn from our independent review of the record, the settled statement, and documents from the superior court file, which on our own motion we judicially notice. (Evid. Code, §§ 452, subd. (d), 459.) The facts are stated in the light most favorable to Stouffer, the prevailing party. (*Bookout v. Nielsen* (2007) 155 Cal.App.4th 1131, 1137–1138 (*Bookout*).)

After conducting an unreported hearing where both parties were represented by counsel and testified, and after "careful review of the entire record," the court issued a five-year restraining order prohibiting Jones from, among other things, having any contact with Stouffer.

DISCUSSION

A. *The Order Is Supported by Substantial Evidence*

The court may issue a protective order for an elder who has suffered "abuse" as defined in Welfare and Institutions Code, section 15610.07.[2] (§ 15657.03, subd. (a)(1).) Under this broad definition, "abuse" includes "treatment with resulting physical harm or pain or mental suffering." (§ 15610.07, subd. (a)(1).) It can consist of " 'serious emotional distress that is brought about by . . . intimidating behavior [or] harassment.' " (*Darrin v. Miller* (2019) 32 Cal.App.5th 450, 453–454.) The level of proof required is a preponderance of the evidence. (*Gdowski v. Gdowski* (2009) 175 Cal.App.4th 128, 137.)

We review the findings necessary to support the protective order for substantial evidence, resolving all conflicts in favor of the prevailing party and indulging "all legitimate and reasonable inferences in favor of upholding the trial court's findings." (*Bookout, supra,* 155 Cal.App.4th at pp. 1137–1138.) The trial court's resolution of factual disputes between the parties will not be disturbed on appeal. (*Ibid.*)

Jones contends the Order was issued "[w]ithout any evidentiary support . . . ." But the record contains ample substantial evidence to support the trial court's ruling. Under the Elder Abuse and Dependent Adult Civil

_____

[2] Undesignated statutory references are to the Welfare and Institutions Code.

Protection Act (§ 15600 et seq.), a protective order may be issued "if a declaration shows, to the satisfaction of the court, reasonable proof of a past act or acts of abuse of the petitioning elder." (§ 15657.03, subd. (c).)

The declaration of a single witness, even a party, may constitute substantial evidence. (See *In re Marriage of Alexander* (1989) 212 Cal.App.3d 677, 682.) Here, Stouffer's declaration attests to past abuse by Jones. In December 2020, Jones "grabbed" his chin and said, " 'You look at me when I'm talking to you.' " She "flexed her muscles and stated that she is strong, and nobody scares her." Stouffer felt "intimidated" by Jones and was fearful to leave his own home. He maintained that Jones had "huge mood swings" causing him to fear that if he said something to upset her, she "could again put her hands on [him] and abuse [him]." According to Stouffer's physician, "any undue stress may lead to further medical complications" including heart attack or stroke.

We acknowledge Jones's claim that Stouffer is not being truthful and, in her view, this proceeding is retaliation for her rebuffing his sexual advances. The trial judge, however, was entitled to disbelieve Jones's testimony, and as a reviewing court we do not second-guess the trier of fact's firsthand determination of witness credibility. (See *In re Marriage of Destiny and Justin C.* (2023) 87 Cal.App.5th 763, 770.)

B. *Disagreements Between Jones and Her Lawyer Are Not a Basis for Reversing the Order*

In a one-paragraph argument that is somewhat difficult to follow, Jones complains although she informed her trial lawyer that the judge had a "personal relationship" with Stouffer and his son, her attorney failed to seek to disqualify the judge. This argument fails, not only because there is nothing in the record showing any such relationship, but also because, as an

4

intermediate appellate court, our role is to determine if the *trial court* committed prejudicial error—not whether *counsel* in a civil case failed to follow her client's instructions or made wise tactical decisions. Even assuming for the sake of discussion that Jones advised her attorney of facts she claims showed judicial bias, her attorney's failure to move to disqualify the court would not be grounds for reversing the Order.

C.     *Jones Forfeited Claims That the Court Erroneously Excluded Evidence*

In the concluding paragraph of her opening brief, Jones contends the Order should be reversed because the trial court "erroneously refused to admit relevant evidence."[3] We do not reach the merits on this point because it is doubly forfeited.

Evidence Code section 354, subdivision (a) provides that a "judgment or decision" shall not be reversed based on the erroneous exclusion of evidence unless it appears of record that: "The substance, purpose, and relevance of the excluded evidence was made known to the court by the questions asked, an offer of proof, or by any other means . . . ." Thus, to preserve her claim on appeal that the trial court erred in excluding evidence, Jones was required to first make an offer of proof in the trial court. An offer of proof gives the trial court an opportunity to change or clarify its ruling, and in the event of appeal provides the reviewing court with the means of determining error and assessing prejudice. The offer of proof must be specific, setting forth the

---

[3]     In the table of contents of her opening brief, Jones's first argument is entitled, "There was no evidence to support Stouffer's Claim" and "the trial judge erroneously refused to admit relevant evidence thus prejudice the appellant['s] case." But in the body of the brief, that argument heading is different. It simply states, "There was no evidence to support Stouffer's Claim," and the text under that heading says nothing about any evidentiary ruling.

actual evidence to be produced, not merely the facts or issues to be addressed and argued. (*In re Tamika T.* (2002) 97 Cal.App.4th 1114, 1124.) Here, nothing in the record shows that the court excluded any evidence, nor that any offer of proof was made. Accordingly, the point is forfeited.

Moreover, to give the opposing party fair notice of issues that need to be addressed, an appellate brief must "[s]tate each point under a separate heading or subheading summarizing the point . . . ." (Cal. Rules of Court, rule 8.204(a)(1)(B).) In this case, however, Jones's argument in the conclusion section does not give fair warning an additional legal argument is being raised. The issue is forfeited on this ground as well. (See *Tukes v. Richard* (2022) 81 Cal.App.5th 1, 12, fn. 5.)

DISPOSITION

The order is affirmed. Stouffer is entitled to costs on appeal.


DATO, J.

WE CONCUR:


HUFFMAN, Acting P. J.


DO, J.