Filed 12/1/23  J.K. v. Hernandez CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| J.K.,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>Cynthia Sue Hernandez,<br><br>    Defendant and Appellant. | A166385<br><br>(Sonoma County<br> Super. Ct. No. SCV-270507) |

Cynthia Sue Hernandez purports to appeal from three orders: (1) May 6, 2022 order granting a restraining order against her under the Elder Abuse and Dependent Adult Civil Protection Act (Welf. & Inst. Code, § 15600, et seq.[1]); (2) May 9, 2022 order amending the May 6 order; and (3) September 30, 2022 order continuing a hearing on her motion "to set aside default and default judgment, if entered," and "to quash service of summons" (set aside motion).

We dismiss the appeal for lack of jurisdiction.[2]

---

[1]    Undesignated statutory references are to the Welfare and Institutions Code.  "Rule" references are to the California Rules of Court.

[2]    We deny Hernandez's request for judicial notice of other litigation between the parties as irrelevant.  (*Coastside Fishing Club v. California Fishing & Game Commission* (2013) 215 Cal.App.4th 397, 429.)

1

## BACKGROUND

All dates are in 2022.

On April 4, J.K. filed a form petition for an elder abuse restraining order against Hernandez under section 15657.03.[3]  The court issued a temporary restraining order (TRO) and noticed a hearing for May 6.  J.K. filed a proof of service, indicating Hernandez had been personally served on April 25 with various documents, including the petition, TRO, and notice of hearing (petition papers).

On May 6, the trial court held a hearing at which Hernandez did not appear.  The court considered the testimony of several witnesses, including the person who served Hernandez with the petition papers.  The court found Hernandez had been personally served with the petition papers and it issued a five-year restraining order.  On May 9, the court filed an "Amended" order adding a condition requiring Hernandez to attend an anger management course; no other changes were made.  That same day, the superior court deputy clerk mailed the parties both filed-endorsed copies of the May 6 and May 9 orders (collectively, May orders) and proofs of service.

On July 27, Hernandez filed a motion to vacate the May orders for lack of personal service of the petition papers.  The hearing on the motion was continued from September 2 to October 5.  On September 30, the court granted J.K.'s ex parte request for a new date and the hearing was continued from October 5 to October 26 (September order).

---

[3]     Effective January 1, 2022, the Legislature amended, repealed, and reenacted section 15657.03, to be operative on January 1, 2023.  (Stats. 2021, ch. 273, §§ 2, 3.).  The subdivisions of section 15657.03 that are currently in effect and cited in this opinion are identical to those in effect when the orders were made in this case.

On October 10, Hernandez filed a notice of appeal seeking review of the May orders and the September order.

<h2 style="text-align:center">DISCUSSION</h2>

A reviewing court has jurisdiction over the direct appeal of an order if the order is appealable *and* the appeal is timely. (*Reyes v. Kruger* (2020) 55 Cal.App.5th 58, 67–68.) Here, there was no timely appeal of the May orders and the September order was not an appealable order. Therefore, we have no jurisdiction and must dismiss this appeal. (*Ibid.*)

**I.     No Timely Appeal of the May Orders**

The appeal of an elder abuse restraining order is statutorily authorized. (Code Civ. Proc., § 904.1, subd. (a)(6); see *Darrin v. Miller* (2019) 32 Cal.App.5th 450, 454.) However, Hernandez failed to file a timely notice of appeal with respect to the May orders. (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113.)

Given the absence of a specific statute governing the jurisdictional time limits for appeals of elder abuse restraining orders, we apply the general rule that a party must file a notice of appeal within 60 days after service by the superior court clerk of a filed-endorsed copy of the order at issue along with proof of the date of service. (Rule 8.104(a)(1)(A), (b) [reviewing court must dismiss appeal where notice of appeal is not filed within 60 days, with exceptions not here applicable]; see *In re Marriage of Lin* (2014) 225 Cal.App.4th 471, 473, 475–476 [general jurisdictional time limits apply to appeals of domestic violence restraining orders].)

The deputy clerk's proof of service by mail of the May orders had a May 9 date of service. (Code Civ. Proc., § 1013a, subd. (4) [proof of mail service by court clerk].) Hence, Hernandez had 60 days, until July 8, to file a notice of appeal.

3

The July 8 deadline to file a notice of appeal was not extended by Hernandez's motion to vacate the May orders because the motion to vacate was filed after July 8. (Rule 8.108(c); see *In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 108 [60-day limit for the filing of appeal may be extended, *if within that time period*, an appellant files and serves a motion to vacate].)

The July 8 deadline was also not extended by any lack of personal service of the May orders. Section 15657.03 describes alternative methods of service or notice following the issuance of an elder abuse restraining order made after a hearing for the purpose of the "enforcement of the order." (*Id.*, subd. (*o*)(1); see *Id.*, subd. (*o*)(2).) But the statute does not require the order be personally served on the restrained person to trigger the duty to file a notice of appeal within the jurisdictional time limits in rule 8.104. Because the deputy clerk's mailing of the May orders met the requirements of rule 8.104, the 60-day filing limit applies.

Therefore, Hernandez's untimely October 10 notice of appeal – filed long after the 60-day deadline of July 8 – leaves us without jurisdiction to review the May orders.

## II. September Order is not an Appealable Order

An appeal of an order continuing a hearing (such as the September order) is not authorized by either Code of Civil Procedure section 904.1 or any other statute. (*Century 21 Chamberlain & Associates v. Haberman* (2009) 173 Cal.App.4th 1, 11.)

Hernandez's argument that the September order was a refusal of the court to hear her set aside motion is unavailing. By its express terms, the order did nothing more than continue the hearing on the motion to a new date; the court did not decide or purport to decide the motion. (*Dana Point*

4

*Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5 [the substance and effect of the trial court's order determine whether it is final (appealable) or interlocutory (nonappealable)].)

As the September order is not an appealable order, we have no jurisdiction to review it. We decline to exercise our discretion to treat the failed appeal as a writ petition. (*Williams v. Impax Laboratories, Inc.* (2019) 41 Cal.App.5th 1060, 1070–1072.)

## DISPOSITION

The appeal is dismissed. Because we are dismissing the appeal without deciding the merits, Hernandez is not entitled to oral argument. (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1254; *Moles v. Regents of University of California* (1982) 32 Cal.3d 867, 871.) No costs are awarded because respondent did not make an appearance. (Rule 8.278(a)(5).)

_____
Petrou, J.

WE CONCUR:


_____
Tucher, P.J.


_____
Fujisaki, J.

A166385/*J.K. v. Hernandez*